### NATIONAL PHONOGRAPH CO. v. LAMBERT CO. et al.

### LAMBERT CO. et al. v. EDISON PHONOGRAPH CO.

(Circuit Court of Appeals, Seventh Circuit. October 6, 1903.)

### Nos. 974, 975.

**1. PATENTS—INFRINGEMENT—PHONOGRAM BLANKS.**
   The Edison patents No. 382,418, for a phonogram blank having a tapering bore throughout its length, and No. 414,761, for a similar blank having a ribbed inner surface, both had for their purpose the production of a phonogram blank readily removable from the cylinder, and at the same time having a uniform or practically uniform contact with the cylinder throughout its length, which was an important consideration, since at the time blanks were made of wax or other soft material. Neither of such patents is infringed by phonograms which are reproductions in celluloid, by means of molds, of original records, intended to be fitted on the cylinder of the phonograph of the purchaser, and having a tapering bore, but making contact with such cylinder only at either end by means of concentric ribs. Such duplicate records are a separate commercial product, and also lack the chief feature of the blanks of the patent, which is the practically continuous contact with the cylinder throughout their length.

Appeals from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

R. N. Dyer and Edmond Wetmore, for National Phonograph Co. and Edison Phonograph Co.

Thomas F. Sheridan, for Lambert Co. and another.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge. The two suits above entitled were separately brought in the Circuit Court, and from the decrees therein entered separate appeals are prosecuted to this court. They are so closely related, however, both in fact, and in the law applicable to the

facts, that they were heard together, and will be disposed of in a single opinion.

The first suit was brought on letters patent No. 414,761, issued November 12, 1889, to Thomas A. Edison for improvement in phonogram blanks; and the second upon letters patent No. 382,418, issued May 8th, 1888, to Thomas A. Edison also for improvement in phonogram blanks; the first resulting in a decree sustaining the validity of the patent, but finding the appellees not guilty of infringement; and the second in a decree sustaining the validity of the patent, and finding the appellants guilty of infringement—the appellees in the first suit being the appellants in the second. To reverse these decrees, the several appeals are prosecuted.

The material part of letters patent No. 382,418 is as follows:

The object I have in view is to produce a cylindrical phonogram blank or phonogram which can be readily placed upon the phonogram-cylinder of a phonograph, and will center itself, and will also be adapted to retain its place upon the phonogram-cylinder by friction alone. This I accomplish by providing the cylindrical phonogram blank or phonogram with a tapering bore adapted to fit over a similarly-tapered phonogram-cylinder. The phonogram-blank or phonogram is provided with a cylindrical recording surface. Blanks or phonograms of the full length of the tapering phonogram-cylinder of the phonograph can be used as well as those of shorter length, the tapering bore centering the blank or phonogram, and adapting it to be pushed onto the phonogram-cylinder until it binds thereon with sufficient friction to hold it in place.

I propose to make these phonogram-blanks the entire length of the phonogram-cylinder, and also to divide such full-length phonogram-blanks into parts, so that sectional phonogram-blanks will be produced, which will be, for illustration, one-fourth, one-half, and three-fourths the length of the full-size phonogram blanks. All of these sectional phonogram blanks, as well as the full-sized phonogram-blank, will have the tapering bore, so that they can be pushed upon the tapering phonogram-cylinder until they bind, and the instrument can then be adjusted to them for recording and reproducing.

I do not claim herein a phonogram-blank having a recording surface of wax, or a wax-like material, nor such a surface mounted upon backing of tougher material, such matters being covered by my application for patent, (Case No. 734, Serial No. 252,964,) filed October 21, 1887.

What I claim is—

1. A phonogram-blank or phonogram having a bore tapered throughout its length, substantially as set forth.

2. A phonogram blank or phonogram having a cylindrical recording-surface and a tapering bore, substantially as set forth.

3. A phonogram-blank or phonogram having a cylindrical recording-surface of wax or wax-like material and provided with a tapering bore, substantially as set forth.

The material part of letters patent No. 414,761 is as follows:

My invention relates to cylindrical blanks for receiving sound-records in the phonograph, made of wax or wax-like or similar materials, and designed to be placed on the cylinder of the phonograph for receiving and reproducing the sound-record. Heretofore these cylinders have been made with a smooth inner surface fitting closely upon the cylinder of the phonograph. I have found that several advantages arise from providing the interior of the cylindrical phonogram-blank with ribs, flanges, or projections, and it is in this that my invention mainly consists. This construction makes it easier to remove the molded blank from the mold in which it is formed, enables the injurious effects of contraction or warping of the cylinder to be readily removed, and prevents any bad effect from the accumulation of dust on the cylinder of the phonograph. I prefer to form a spiral rib on the interior surface of the blank.

I find it easier to remove such a blank from the core than one having a smooth inner surface, since by slightly turning or screwing the same it can be readily withdrawn.

In the process of molding the blank while the material cools it sometimes becomes contracted or warped on its inner surface, so that it does not fit the phonogram-cylinder truly, and in this case it has to be reamed out to remove the irregularities. This has to be allowed for in making the blanks, and when the blank is made with a smooth interior the whole inner surface often has to be cut in order to make it true, and this is a matter of some difficulty and incurs a risk of injury to the blank. Where the blank is formed with an internal rib or ribs and such warping occurs, it is only necessary in order to remove it to cut away the edges of the ribs, and thus a blank having a true inner surface can be formed with less labor and expense and waste of material than where the smooth surface is used. I make the ribs always deep enough to allow for the reaming out of the cylinder. Another advantage is that when the blank is placed on the phonogram-cylinder any particles of dust or other foreign substance which may be on the cylinder enter and remain in the spaces between the ribs, instead of coming between the blank and the cylinder, where they might prevent the blank from assuming a true position and resting evenly thereon.

What I claim is—

1. A tubular phonogram-blank provided with internal ribs or projections, substantially as set forth.

2. A tabular phonogram-blank having an internal spiral rib, substantially as set forth.

The following patents were put into the record, either as anticipations, or other data material to the case:

No. 70,113, Oct. 22, 1867, A. S. Phillips.
No. 170,178, Nov. 23, 1875, L. F. Locke.
No. 200,521, Feb. 19, 1878, T. A. Edison.
No. 277,097, May 8, 1883, J. R. Abbe.
No. 309,288, Dec. 16, 1884, G. Birkmann.
No. 341,214, May 4, 1886, C. A. Bell et al.
No. 341,288, May 4, 1886, S. Tainter.
No. 375,579, Dec. 27, 1887, C. S. Tainter.
No. 380,535, April 3, 1888, C. S. Tainter.
No. 382,419, May 8, 1888, T. A. Edison.
No. 393,463, Nov. 27, 1888, T. A. Edison.
No. 393,967, Dec. 4, 1888, T. A. Edison.
No. 397,856, Feb. 12, 1889, G. H. Herrington.
No. 399,264, Mar. 12, 1889, G. H. Herrington.
No. 399,265, Mar. 12, 1889, G. H. Herrington.
No. 406,571, July 9, 1889, T. A. Edison.
No. 421,450, Feb. 18, 1890, C. S. Tainter.
No. 464,476, Dec. 1, 1891, G. H. Herrington.
No. 488,191, Dec. 20, 1892, T. A. Edison.

We do not feel called upon to pass upon the validity of either of these patents. The phonogram of defendants below, as we construe the patents, infringes the claims of neither of them. A single reference to the state of the art makes this manifest.

At the time Edison took out the first patent named, phonogram blanks were made of wax, or a wax like substance, a material more or less soft and capable of being melted at relatively low temperature. Celluloid records, more or less flexible under pressure, were not then known.

Prior to the Edison patents phonogram blanks were made with a cylindrical bore, adapted to fit over a cylinder that, at the inner end, increased in diameter, so that a push upon the phonogram would cause its inner end to grip the cylinder at some point on its enlarging exterior; and the enlargement being gradual, or in the form of a taper, the cylinder adapted itself to such variable diameters of the phonogram as was brought about by temperature or other causes.

Edison, for reasons perfectly obvious as we see it now, substituted, for this character of a cylinder, a cylinder having a uniform taper throughout, and fitted this with a phonogram having a correspondingly tapering bore. This enabled him to fit the phonogram upon the cylinder so that it gripped or bound, not at one end only, but throughout its length; manifestly with two objects in view— that the soft material out of which the blank was then made should have a securer base; and that with a base secure throughout its length, the blank could be more readily withdrawn from a tapering than from a concentric cylinder. These were the underlying concepts of the first patent.

But phonograms, thus fitting closely upon the corresponding cylinder, were found to have disadvantages; among them the fact that contact of surface throughout their length, made it more difficult to withdraw the blank from the cylinder. Hence in patent No. 414,-761, Edison substituted a phonogram blank, the interior of which was provided with ribs, flanges or projections, preferably spiral. This enabled the operator, where warping occurred, to remove it by cutting away the edges of the ribs, leaving a blank having a true inner surface; but retained at the same time the advantage of practical continuous contact throughout the length of the phonogram; for such would be the effect were the ribs spiral, or even concentric at very short intervals. The second patent is an improvement only on the first, and makes no pretense of departing from its underlying purpose, namely, a close contact throughout the length of the joint.

The phonograms of defendants below are not cut upon the cylinder. They are but reproductions in celluloid, by means of molds, of original records. They are a separate commercial product, sold independently of the cylinder, and intended to be fitted on the cylinder of the phonograph owned by the purchaser. To this end—the bore being tapering because the cylinder is tapering—an edged concentric rib is placed at the extreme inner or larger end of the phonogram gripping the inner end of the cylinder; and another edged rib, at the extreme outer or smaller end of the phonogram, causes a close contact to be made between that end of the blank and the outer end of the cylinder. There are no intervening ribs, and, owing to the character of the material used, there is need of none. The use of these two ribs is but the fitting of the blank, in the simplest and most obvious way, to a tapering cylinder.

But the celluloid blank with its end ribs does not depend upon uniform contact throughout the length of the cylinder, or contact at such intervals as to be practically uniform, as its distinctive mechanical basis or concept. Had wax, or a wax like substance, re-

mained the only material out of which phonograms could be made, the form of phonogram of defendants below would have been impracticable. It is in fact practicable, not by adopting the mechanical conception pointed out in the patent, but by introducing a new character of material not before known. It is this discovery of a new material that makes it possible to disregard the previous necessity of close contact, and at the same time enable the blank to be readily taken off, for only the single inner rib grips the cylinder. Thus the real means that brings about successful operation of the phonogram of defendants below is not the adoption of the Edison idea, but the introduction into the art of a new substance. Unless the ribs were employed as indicated, there could be no adaptation of these independently made blanks to the purchasers' phonograph, and this long step in the art—the making of blanks of celluloid, in multiple by means of molds, thus immensely cheapening them—would be almost useless.

The decree of the Circuit Court in case No. 974 will be affirmed, and the decree of the Circuit Court in case No. 975 will be reversed with the direction to dismiss the bill for want of equity.